# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARILUX CABRERA, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>LEOPOLD & ASSOCIATES, LLC a/k/a LEOPOLD & ASSOCIATES, PLLC; And JOHN DOES 1 to 10,<br><br>Defendants. | CIVIL ACTION<br><br>**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, ESSEX COUNTY**<br><br>(New Jersey Superior Court Docket – ESX-L-00793-24) |

**TO:**   Clerk, United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

**ON NOTICE TO:**   Clerk, Superior Court of New Jersey
495 Martin Luther King Jr. Blvd,
Newark, NJ 07102

Yongmoon Kim, Esq.
Kim Law Firm LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
*Attorneys for Plaintiff and the Proposed Class*

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446, Defendant Leopold & Associates, LLC, a/k/a Leopold & Associates, PLLC ("Leopold") hereby respectfully removes all claims and causes of action in the state court civil action Marilux Cabrera, et al v. Leopold Associates, LLC, et al., Docket No. ESX-L-000793-24 (the "State Court Action")

described below, from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey and in support, respectfully states as follows:

I. **STATEMENT OF THE CASE**

On February 2, 2024, Plaintiff Mariluxa Cabrera ("Plaintiff") filed the State Court Action against Leopold in the Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-000793-24, by filing a lawsuit captioned as a Class Action Complaint ("Complaint"). A true and accurate copy of the Complaint is attached hereto as **Exhibit A**. Plaintiff filed the Complaint on behalf of herself, and those claimed to be similarly situated, a New Jersey resident. Plaintiff alleges that Leopold violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. against Plaintiff and other New Jersey consumers "by making attempts to collect consumer debts on behalf of debt buyers who operate unlawfully without a license under the New Jersey Consumer Finance Licensing Act, N.J. Stat. Ann § 17:11C-3, thereby misrepresenting the amount of the debt and attempting to collect amounts not permitted by law." (*See* **Exhibit A**, ¶ 2. Plaintiff also asserts state law causes of action claims for fraud, fraudulent inducement, and unjust enrichment against Leopold.

Defendant Leopold is a professional limited liability company existing under the laws of the State of New York, having a principal place of business in New York.

Plaintiff also names fictitious defendants as parties to the State Court Action. The citizenship of such defendants sued under fictitious names is disregarded for purposes of removal. *See* 28 USC § 1441(b)(1).

This action, which was filed on February 2, 2024, and first served on Leopold on February 6, 2024, is removable under 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446. Leopold has satisfied all

of the procedural requirements of 28 U.S.C. § 1446, and hereby removes this action to the United States District Court for the District of New Jersey.

## II. THE REQUIREMENTS FOR REMOVAL ARE SATISFIED

***Original & Supplemental Jurisdiction***.  Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Pursuant to 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Removal to the United States District Court for the District of New Jersey is proper as this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a) because Plaintiff's suit arises under the laws of the United States – namely, the FDCPA.

Removal of Plaintiff's state law claims to the United States District Court for the District of New Jersey is also proper as this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law claims arise under the same facts as Plaintiff's FDCPA claims such that they constitute part of the same "case or controversy" under Article III of the United States Constitution.

*Timeliness*.  The filing of this Notice of Removal and any related papers is timely made under 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days of the February 6, 2024 date of service of Plaintiff's Complaint upon Leopold.

*No Additional Consent Required*. Consent is not required of any other party, as the other "defendants" are fictitious parties who have not been served. *See* Balazik v. County of Dauphin, 44 F.3d 209, 213 & n.4 (3d Cir. 1995).

*Venue and Allocation*. Venue is proper in the United States District Court for the District of New Jersey and allocation is proper in Newark because the action is pending in the Superior Court of New Jersey, Law Division, Bergen County; Plaintiff is a resident of Essex County; and the allegations in the Complaint allegedly arose out of Essex County.

### III. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

Leopold has complied with 28 U.S.C. §§ 1446(a) & (d). Pursuant to 28 U.S.C. § 1446(a), a copy of all of the pleadings on file in the state court, are attached collectively hereto as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), Leopold is simultaneously filing copies of this Notice of Removal (with exhibits and any related papers thereto), and a Notice of Filing of Removal, with the Clerk's Office of the Superior Court of New Jersey, Essex County, in order to effect removal of this action pursuant to 28 U.S.C. § 1446(d).  A true and accurate copy of the Notice of Filing of Removal (which attaches this Notice of Removal as an exhibit thereto) is attached hereto as **Exhibit B**.  Additionally, Leopold has served a copy of this Notice of Removal on Plaintiff in the manner reflected in the annexed Certification of Service. Simultaneous with the filing of this Notice of Removal, Leopold has also given written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. § 1446(d).

## IV. CONCLUSION

Pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446, defendant Leopold respectfully request that the above-captioned matter, now pending in the Superior Court of New Jersey, Law Division, Essex County, New Jersey, be removed to the United States Court for the District of New Jersey. By this Notice, Leopold does not waive any objections they may have to service, jurisdiction, venue, or any other defenses or objections to this action. Leopold intends no admission of fact, law or liability by this Notice, and reserves all defenses, motions, and pleas. Leopold prays that this action be removed to this Court for determination; that all further proceedings in the state court suit be stayed; and that Leopold obtains all additional relief to which it is entitled.

Respectfully submitted on this 6th day of March, 2024

**KAUFMAN DOLOWICH, LLP**
*Attorneys for Defendant*
*Leopold & Associates, PLLC*

By: _____*/s/ Robert A. Berns*_____
      Robert A. Berns, Esq.
      Court Plaza North
      25 Main Street, Suite 500
      Hackensack, NJ 07601
      (201) 488-6655

Dated: March 6, 2024