<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARILUX CABRERA,<br><br>  Plaintiff,<br><br>  v.<br><br>LEOPOLD & ASSOCIATES, PLLC; and JOHN DOES 1-10,<br><br>  Defendant(s). | Civil Action No. 24-01707<br><br>**OPINION**<br><br>November 6, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Leopold & Associates, PLLC's ("Defendant") Motion to Dismiss Marilux Cabrera's ("Plaintiff") Complaint (ECF 1, "Compl."). (ECF 3, "MTD.") Plaintiff cross-moved to remand. (ECF 9, "Motion to Remand.") Defendant filed a reply. (ECF 13, "Reply.") Plaintiff filed a sur-reply. (ECF 17.) Defendant filed a final reply. (ECF 18.) The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Motion to Remand is **GRANTED**.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff brings this action against Defendant Leopold & Associates alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (ECF 1,

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1, Compl.) and documents integral to or relied upon by the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of a motion to dismiss, the facts drawn from the Complaint are accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Compl.) The Complaint was filed in the Superior Court of New Jersey, Law Division, Essex County, New Jersey. (*Id.*) Defendant removed the Complaint to federal court on March 6, 2024. (*Id.*)

Plaintiff alleges that Oliphant Financial, LLC ("Oliphant") purchased and took assignment of a debt that had been extended to Plaintiff Cabrera by LendingClub Corporation ("Debt" or "Account"). (*Id.* ¶ 17.) Oliphant subsequently "either directly or through intermediate transactions, assigned, placed, or transferred the Account with Defendant for collection." (*Id.* ¶ 18.) The Account was past-due and in default when placed with and assigned to Defendant for collection. (*Id.* ¶ 19.) Plaintiff alleges that Defendant acted on behalf of Oliphant in attempting to collect the debt. (*Id.* ¶ 20.)

To collect the Debt owed by Plaintiff, Defendant mailed a collection letter to Plaintiff on February 3, 2023 ("Letter"). (*Id.* ¶ 22.) Plaintiff alleges that by sending the Letter, Defendant violated the FDCPA because Defendant sought to collect Plaintiff's Account even though Oliphant is not licensed as a consumer lender under the New Jersey Consumer Finance Licensing Act, N.J. Stat. Ann. § 17:11C-1 *et seq.* ("NJCFLA"). (*Id.* ¶¶ 26, 30-33, 63.) As such, Plaintiff alleges that the Leopold Letter "deprived Plaintiff and other New Jersey consumers of truthful, non-misleading information in connection with Defendant's attempt to collect a debt." (*Id.* ¶ 35.) Notably, Plaintiff does not allege any monetary loss, physical injury, or other loss or damage because of Defendant's actions. (*See generally id.*)

On March 25, 2024 Defendant moved to dismiss pursuant to Rule 12(b)(1). (ECF 3, MTD.) Plaintiff cross-moved to remand. (ECF 9, Motion to Remand.) Defendant filed a reply, Plaintiff filed a sur-reply, and Defendant filed a final reply. (ECF 13, Reply; ECF 17; ECF 18.)

## II. LEGAL STANDARD

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, No. 12-03922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (citing *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief, but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002).

Rule 12(b)(1) motions may challenge subject matter jurisdiction based upon the face of the complaint or its underlying facts. *Common Cause of Pa. v. Pennsylvania,* 558 F.3d 249, 257 (3d Cir. 2009); *Pittman v. Metuchen Police Dept.,* No. 08–2373, 2009 WL 3207854, at *1 (D.N.J. Sept. 29, 2009) (citing James Wm. Moore, 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007)). A facial attack questions the sufficiency of the pleading and requires the trial court to accept the allegations in the complaint as true. *Common Cause of Pa.,* 558 F.3d at 257; *Pittman,* 2009 WL 3207854, at *1. A factual attack, by contrast, calls upon the court to weigh the evidence. *Pittman,* 2009 WL 3207854, at *1. Here, the Court will presume the truth of Plaintiff's allegations since the motion challenges only the sufficiency of the Complaint.

## III. ANALYSIS

Under Article III, federal courts have jurisdiction to hear "cases" and "controversies." *Lutter v. JNESO*, 86 F.4th 111, 123 (3d Cir. 2023). Thus, for a plaintiff to bring an action in federal court, they must have a "personal stake," in a "case" or "controversy." *Raines v. Byrd*, 521 U.S. 811, 819 (1997). This is known as Article III standing. To establish Article III standing, a plaintiff

must allege they suffered "(1) a concrete, particularized, and actual or imminent injury, (2) that was likely caused by the defendant, and (3) would likely be redressable by a favorable judicial decision." *Morales v. Commonwealth Fin. Sys., Inc.*, No. 22-3388, 2023 WL 8111458, at *2 (3d Cir. 2023) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). "If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" *TransUnion LLC*, 594 U.S. at 423 (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)). A plaintiff's injury must be concrete, meaning "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U. S. 330, 340 (2016). However, a concrete injury may be either tangible, such as physical or monetary harm, or intangible, such as reputational harm. *TransUnion LLC*, 594 U.S. at 425. Here, Plaintiff does not allege physical or monetary harm. The Court will therefore assess intangible harm.

To establish an intangible, concrete injury, courts look to whether the alleged injury resembles "a close historical or common-law analogue." *TransUnion LLC*, 594 U.S. at 424. The Third Circuit has concluded the nearest common-law analogue for claims brought under Section 1692(e) of the FDCPA is the tort of fraudulent misrepresentation. *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 148 (3d Cir. 2023); *Morales*, 2023 WL 8111458, at *2. Further, the "'harm traditionally recognized as providing a basis for [fraudulent misrepresentation] in American courts' is not the mere receipt of a misleading statement, or even confusion, without any further consequence. It is the 'physical, monetary, or cognizable intangible harm.'" *Huber*, 84 F.4th at 148 (internal citations omitted). Accordingly, to sustain standing to bring her FDCPA claims, Plaintiff must establish she suffered an injury stemming from the fraudulent misrepresentation. *Huber*, 84 F.4th at 148. More precisely, Plaintiff must allege that she was harmed by a

"consequential action or inaction following receipt of [Defendant's debt] collection [letter.]" *Huber*, 84 F.4th at 149.

According to the Complaint, Defendant deprived Plaintiff and other consumers of truthful, non-misleading, information in connection with Defendant's attempt to collect a debt. (ECF 1, Compl. ¶ 35.) The Complaint additionally alleges that Defendant collected money from "New Jersey consumers" despite Oliphant lacking proper licensing under NJCFLA. (*Id.* ¶ 41.) However, there are no allegations that Plaintiff suffered a harm sufficient to establish standing. The record does not reflect any consequential action or inaction taken by Plaintiff following receipt of Defendant's letter or attempts to collect a debt. Accordingly, Plaintiff has failed to demonstrate that she suffered an injury, financial or otherwise. *See Morales*, 2023 WL 8111458, at *2-3 ("Mere confusion and the speculative risk of a lawsuit are not enough to confer standing to an FDCPA plaintiff.").[2] Because Plaintiff has failed to demonstrate that she suffered any harm because of the letter, the Court finds she has failed to establish Article III standing. As such, the Court does not have jurisdiction to hear this matter and will not opine on the merits of the underlying claims. Plaintiff's Complaint is dismissed without prejudice.

With respect to Plaintiff's motion to remand (ECF 9), a motion to remand is governed by 28 U.S.C. § 1447(c), which provides that a case removed to federal court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

---

[2] In the non-precedential case *Morales v. Commonwealth Financial System Inc.*, the Third Circuit concluded that plaintiff lacked standing to bring her claim under the FDCPA where she failed to allege she suffered any harm as a result of receiving an allegedly misleading debt collection letter: Plaintiff "has not pled any facts showing either that she relied upon [Debt Collector's] letter or that she suffered any consequence flowing from that reliance. Reading her complaint in the most favorable light, [Plaintiff] has simply shown she received an allegedly misleading letter — nothing more." 2023 WL 8111458, at *3. The same reasoning applies to the facts at bar.

Because this court lacks subject matter jurisdiction, the Court **GRANTS** Plaintiff's motion to remand.[3]

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (ECF 3) is **GRANTED,** and Plaintiff's motion to remand (ECF 9) is **GRANTED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Jessica S. Allen, U.S.M.J.
       Parties

---

[3] However, the Court declines to retain jurisdiction with respect to Plaintiff's request for attorney's fees and costs.